NO. 07-05-0153-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL B



OCTOBER 18, 2005


______________________________



MARTIN ZORILLA, 


 

 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 179TH DISTRICT COURT OF HARRIS COUNTY;



NO. 977,934; HON. J. MICHAEL WILKINSON, PRESIDING


_______________________________



Memorandum Opinion


_______________________________



Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

 Appellant, Martin Zorilla, appeals his conviction for possessing a controlled
substance (cocaine) with intent to deliver. Pursuant to a plea of guilty but without an
agreed recommendation from the State as to punishment, the trial court found the
evidence substantiated a finding of guilt and sentenced appellant to 40 years in prison and
a $150,000 fine. 

 Appellant's counsel filed a motion to withdraw, together with an Anders (1) brief,
wherein she certified that, after diligently searching the record, she concluded that the
appeal is without merit. Along with her brief, appellate counsel attached a copy of a letter
sent to appellant informing him of counsel's belief that there was no reversible error and
of appellant's right to file a response or brief pro se. By letter dated August 29, 2005, this
court notified appellant, upon his request for additional time to file a pro se brief, that the
deadline for doing so was October 17, 2005. To date, appellant has neither filed a
response, brief, or another request for an extension. 

 In compliance with the principles enunciated in Anders, appellate counsel discussed 
several potential areas for appeal. They involved 1) the adequacy of the indictment, 2) the
court's ruling on appellant's motion to suppress, 3) the plea including the admonishments,
the sufficiency of the evidence, and the pre-sentence investigation, 4) the voluntariness of
the plea, 5) ineffective assistance of counsel, and 6) the propriety of the sentence. 
Counsel then explained why each argument lacked merit. 

 We conducted our own review of the record to assess the accuracy of appellate
counsel's representations and to uncover any error, reversible or otherwise, pursuant to
Stafford v. State, 813 S.W.2d 503 (Tex. Crim. App. 1991). Like that of appellate counsel,
our review of the record uncovered no arguable error. 

 Accordingly, the motion to withdraw is granted, and the judgment is affirmed.


 Brian Quinn 

Do not publish. Chief Justice
1. Anders v. California, 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).



ity="39" Name="toc 5"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-11-0042-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 2, 2011

______________________________

 

 

JOSEPH ANTHONY KENNEDY, APPELLANT

 

V.

 

THE STATE OF TEXAS, APPELLEE

 

 

_________________________________

 

FROM THE 26TH DISTRICT COURT OF WILLIAMSON COUNTY;

 

NO. 09-887-K26; HONORABLE BILLY RAY STUBBLEFIELD,
JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

ABATEMENT AND REMAND

            Following a plea of not
guilty, Appellant, Joseph Anthony Kennedy, was convicted by a jury of one count
of continuous sexual abuse of a child[1]
and two counts of indecency with a child by contact.[2]  Appellant was sentenced to thirty-five years
confinement for continuous sexual abuse of a child and to two years confinement
for each count of indecency with a child by contact.  The sentences were ordered to run
consecutively.  Appellant timely
perfected this appeal.  The clerk's
record filed on January 10, 2011, contains the Trial Court's Certification of Defendant's Right of Appeal.  However, the certification is not signed by
Appellant as required by Rule 25.2(d) of the Texas Rules of Appellate
Procedure.[3]  Consequently, the certification is defective.[4]  See
Dears v. State, 154 S.W.3d 610, 614 (Tex.Crim.App.
2005).

Therefore, we abate this appeal and remand the cause to the
trial court for further proceedings. 
Upon remand, the trial court shall utilize whatever means necessary to
secure a proper Trial Court's Certification of Defendant's Right of Appeal in
compliance with Rule 25.2(d).  Once
properly completed and executed, the certification shall be included in a
supplemental clerk's record.  See
Tex. R. App. P. 34.5(a)(12).  The trial court shall cause the supplemental clerk's
record to be filed with the Clerk of this Court within sixty days of the date
of this order.  This order constitutes
notice to all parties, pursuant to Rule 37.1 of the Texas Rules of Appellate
Procedure, of the defective certification. 
If a supplemental clerk's record containing a proper certification is
not filed in accordance with this order, this cause will be referred to the
Court for further action.  See Tex.
R. App. P. 25.2(d). 

On February 1, 2011, the Official Court Reporter filed a request
for an extension of time in which to file the reporter's record to March 21,
2011.  While this appeal is abated, all
appellate timetables are suspended. 
Consequently, the request for an extension is rendered moot.  The reporter's record will be due thirty days
following reinstatement of this appeal

It is so ordered.

                                                                        Per
Curiam

Do not publish.                                                                                 

 

 

 

 

 

 

 

 

 

 











[1]Tex. Penal Code Ann. § 21.02(b) (West Supp. 2010).

 





[2]Tex.
Penal Code Ann. § 21.11(a)(1) (West Supp. 2010).





[3]Effective
September 1, 2007, Rule 25.2(d) was amended to require that a defendant sign
the certification and receive a copy which contains certain admonishments not
previously required.

 





[4]Originally appealed to the Third Court of Appeals,
this appeal was transferred to this Court by the Texas Supreme Court pursuant
to its docket equalization efforts.  Tex. Govt Code Ann.  § 73.001 (West 2005).  Cognizant that Rule 41.3 of the Texas Rules
of Appellate Procedure requires precedent of the transferor court to be
applied, the transferee court is not expected to follow the transferor
court's local rules or otherwise supplant its own local procedures with those
of the transferor court.  See Tex. R. App. P. 41.3 Notes and
Comments.